IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PATRICK MULLINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:11-CV-137-CDL-MSH |
| | * | 42 U.S.C. § 1983 |
| JIMMY LYNN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

On September 21, 2011, Plaintiff filed the above styled Section 1983 action. On December 30, 2011, Defendants filed a Motion to Dismiss. (ECF No. 20, 21.) Plaintiff was notified of his right to file a response, none was filed in the time allowed. For the reasons described below, Defendant's motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Lieutenant Jimmy Lynn, Deputy Warden Geter Boone, Officer Sylvester Parker and Officer Robert Turner, all employees of Muscogee County Prison. (Pl.'s Compl. 1, ECF No. 1). In his Complaint, Plaintiff avers that he was attacked and injured by fellow inmates. (*Id.*) He contends that upon telling Officers Parker and Turner that a fellow inmate wanted his food tray, he was told to stay to himself by Defendant Lynn. (Compl. 4, ECF No. 1). He was then attacked and injured by two inmates. (*Id.*) He states that he was told by Defendant Boone to write a statement and not tell anyone what happened.

## DISCUSSION

### I. Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### II. Failure to Exhaust Administrative Remedy

Defendant first argues that Plaintiff's complaint should be dismissed for his failure to exhaust the grievance procedure available at the prison.  (Mot. to Dismiss Br. 2, ECF No. 21.)  Pursuant to the Prisoner Litigation Reform Act ("PLRA"), Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, the United States Supreme Court has held that an inmate must fully and properly exhaust all available administrative remedies before he can file a Section 1983 lawsuit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The court has no discretion to waive the exhaustion requirement in the event a claim has not been fully and properly exhausted prior to filing. *See Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). "Proper" exhaustion requires a prisoner to comply with the specific prison grievance procedural requirements. *See Woodford*, 548 U.S. at 95. In addition, an inmate must "provide with his grievance all relevant information reasonably available to him." Because "failure to exhaust is an affirmative defense under the PLRA, . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, a complaint may still be dismissed pursuant to the PLRA "if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." *Anderson v. Donald*, 261 F. App'x 254, 255 (11th Cir. 2008). Satisfaction of the exhaustion requirement is a precondition to filing a lawsuit, and therefore exhaustion must be accomplished before the suit is filed. *McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (per curiam) (citing

*Alexander*, 159 F.3d at 1325-26).  Requiring exhaustion prior to filing "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  *Jones*, 549 U.S. at 204.

The Eleventh Circuit has addressed the proper form of a pretrial motion challenging a plaintiff's failure to exhaust his administrative remedies, holding:

> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."

*Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)). Defendant therefore properly raised his exhaustion defense in an unenumerated Rule 12 motion to dismiss.  *See id.* at 1375.  When motions to dismiss are based on issues not enumerated under Rule 12(b), such as the instant case, Federal Rules of Civil Procedure Rule 43(c) governs and "permits courts to hear evidence outside of the record on affidavits submitted by the parties."  *Id.* at 1377 n.16.  Thus, as Defendants have done here, the parties may submit documentary evidence concerning the exhaustion issue and doing so will not require the conversion of the motion to dismiss into a summary judgment motion.  In addition, the judge may resolve factual questions concerning a plaintiff's alleged failure to exhaust nonjudicial remedies, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (footnote omitted).

Shortly after its decision in *Bryant*, the court developed a two-step process to assist courts in deciding a motion to dismiss for failure to exhaust administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Specifically, the court held:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Id.* at 1082-83 (internal citations omitted); *see also Williams v. Marshall*, 319 F. App'x 764, 767 (11th Cir. 2008) (per curiam). Defendants, however, "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Turner*, 541 F.3d at 1082.

Defendants in the instant case contend that Plaintiff failed to exhaust the prison's grievance procedure with respect to his claims. In support of this contention, Defendants provided the affidavit of Daniel King, a Corrections Counselor at Muscogee County Prison. (Aff. of Daniel King, December 29, 2011; ECF No. 21-1.) Counselor King stated that all inmates are notified of the grievance procedure upon entry to Muscogee County Prison by being provided a copy of the Orientation Handbook for Offenders and through verbal instructions. (*Id.* at ¶ 6.) Defendants provided a true and correct copy of the

grievance procedure, SOP IIB05-0001, which states that inmate has ten days in which to file an informal grievance. (*Id.* at Ex. A.) The inmate may appeal the response to his grievance by filing a formal grievance within five days of the response. (*Id.*) The entire grievance process is required to be completed within thirty calendar days from the time the grievance is initiated. (*Id.*) In his affidavit, Counselor King states that he has reviewed the grievances filed by Plaintiff while he was incarcerated at the Muscogee County Jail.[1]

As stated above, when considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In his Complaint, filed only three days after the alleged incident, Plaintiff admitted that he had not filed a grievance with regard to the incident, stating that "I could not get one, I was in P.C. was told they had to find some (sic)." (Compl. 2.) Plaintiff did file an informal grievance, as well as a formal grievance after the filing of this lawsuit but failed to appeal the denial of the formal grievance as is required by SOP IIB05-0001. (Def't's Exs. A-D.)

In a letter to the Court in response to an Order to Supplement Complaint, Plaintiff states that he filed an informal grievance on September 22, 2011. (ECF No. 8.) He claims that "events occurred where my grievance was resolved." (*Id.*) On September 28, 2011,

---

1 Plaintiff has been released from Prison and as of December 7, 2011, was residing at 212 Railroad St. Columbus, Georgia 31901.

he filed another informal grievance stating that his prior grievance had not been resolved. (*Id.*)  Plaintiff claims in the informal grievance that he was denied a formal grievance.  (*Id.* at 2.)

After being notified of his right to respond to the Motion to Dismiss, Plaintiff failed to do so, thus failing to address the grievance exhaustion requirement and providing the Court no explanation for his failure to exhaust his administrative remedies.  As such, Plaintiff has admitted that he failed to fully and properly exhaust the prison's grievance policy.  Therefore, the Defendant is entitled to a dismissal of the claims against him.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss be GRANTED for his failure to exhaust the grievance procedure.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO Recommended, this 19th day of March, 2012.

S/ Stephen Hyles                                      .
UNITED STATES MAGISTRATE JUDGE